INTER-MARITIME FWDG. CO., INC. (FRANK L. SAVAGE) *v.* UNITED STATES

No. 6477.—Invoices dated Hawick, Scotland, March 17, 1941, etc.
          Entered at New York, N. Y., August 22, 1941, etc.
          Entry No. 709931, etc.

(Decided October 29, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

COLE, Judge (Abstract) :   These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)).   *United States* v. *Wm. S. Pitcairn Corp.,* 33 C. C. P. A. 183, C. A. D. 334.

An agreed set of facts shows export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), to be the proper basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values less additions made by the importer on entry because of advances in similar cases.

AMERICAN EXPRESS CO. ET AL. *v.* UNITED STATES

No. 6478.—Invoices dated Hawick, Scotland, November 17, 1941, etc.
          Certified November 19, 1941, etc.
          Entered at San Francisco, Calif., December 29, 1941, etc.
          Entry No. 2397, etc.

(Decided October 30, 1946)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge :   The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto :
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.